LEONARD MILLER, Respondent, v. LOUIS I. COPLAN, Appellant.— Action upon two dishonored checks issued by the defendant in payment of debts of the corporation of which he was president. Order granting summary judgment for the plaintiff and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.

ABRAHAM MULLER, Respondent, v. EDNA E. ACKERMAN and Others, Defendants, and LEOPOLD NEWBORG and FRANK J. C. WEINBERG, Copartners Doing Business under the Firm Name and Style of NEWBORG & Co., Appellants.— Order granting examination of defendants Newborg and Weinberg before trial affirmed, in so far as appealed from, with ten dollars costs and disbursements; the examination to proceed and the books and papers to be produced on five days' notice. No opinion. Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ., concur.

HARRY PFEFFER, as Administrator, etc., of STANLEY PFEFFER, Deceased, Respondent, v. FLEER OIL SERVICE COMPANY, INC., and Another, Appellants.— This is an action to recover damages for the death of plaintiff's intestate, an infant of the age of three years and nine months, as the result of the negligent operation of a truck by the defendants. The jury awarded to the plaintiff a verdict of $5,000. Judgment and order denying defendants' motion for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

PROGRESSIVE FINANCE AND REALTY COMPANY, Respondent, v. MILLER & SHERRY ENTERPRISES, INC., Appellant.— Order granting summary judgment in an action to recover on a promissory note and the judgment entered thereon reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The note was given in connection with a contract of conditional sale, from which it was apparently detached along a perforated line. The plaintiff is a finance company claiming to be a holder before maturity for value. The defendant claims that before the note came into the possession of the plaintiff the contract of conditional sale was breached and that the plaintiff had knowledge of the breach; or, from the facts appearing on the face of the note, was put upon inquiry and, therefore, had knowledge of or was bound to make inquiry concerning its defect; and that it did not become a holder in good faith. (Neg. Inst. Law, § 95; *Kelso & Co.* v. *Ellis*, 224 N. Y. 528; *Rochester & C. T. R. Co.* v. *Paviour*, 164 id. 281.) A further defense is that the note was void in its inception by reason of the fraud and deceit of the seller and payee. If this defense is established as a question of fact on the trial, then the burden rests on the plaintiff to show that it is, and was at all times, a holder in good faith. (Neg. Inst. Law, § 98; *Canajoharie Nat. Bank* v. *Diefendorf*, 123 N. Y. 191; *Smith* v. *Weston*, 159 id. 194; *Vogel* v. *Pyne*, 197 App. Div. 633; *American Surety Co.* v. *Palmer*, 211 id. 172; revd. on other grounds, 240 N. Y. 63.) There are questions of fact to be tried in respect to whether the plaintiff is actually a holder in good faith for value and without notice of any defects in the note upon which it sues. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.